UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

        Plaintiff,                              Hon. Shira A. Scheindlin
                                                        Case No. 13 cr 242

JONATHAN SAMBULA

        Defendant.

───────────────────────────────

**MOTION FOR DISCLOSURE OF BRADY/GIGLIO MATERIAL**

      NOW COMES defendant Jonathan Sambula, by and through his attorney, Stewart L. Orden and moves this Honorable Court, pursuant to the Sixth Amendment of the United States Constitution, <u>Brady v. Maryland</u>, 373 U.S. 83 (1972), <u>Giglio v. United States</u>, 405 U.S.150 (1972), and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995), to enter an order requiring the Government to provide any and all evidence favorable to the accused, including exculpatory evidence, impeachment evidence and any and all evidence consistent with the innocenece of the defendant. Alternatively defendant moves for an Order that the government provide any and all documents, including but not limited to memos, emails, notes etc. regarding Agent Shawn Edmonds for the reasons outlined below for an in camera inspection.

      1.      On April 1, 2013, the above-named Defendant, Jonathan Sambula was arraigned on an Indictment alleging narcotics conspiracy in violation of 21 USC § 841 (a) (1); and firearms possession in violation of 18 USC § 924 (c).

      2.      Since that time, there has been a suppression hearing resulting in the suppression of cell phones recovered at the time of the defendants arrest on January 8, 2013, based on the testimony largely of Agent Shawn Edmonds of the ATF, who was

investigating the defendant in a drug conspiracy and for home invasions.

3. On December 23, 2012 Agent Edmonds responded to the precinct of arrest of the defendant along with a member of the **NYPD Internal Affairs Unit** and interviewed the defendant. [1]

4. In the present matter discovery has been provided including a sworn complaint executed by ATF Special Agent Shawn Edmonds on January 7, 2013 as well as a sworn affidavit for a search warrant executed by Agent Edmonds. In both, Agent Edmonds swears that during an interview with the defendant on December 23, 2012, the defendant confessed to being a drug dealer.

5. I have been informed by the government that they do not intend calling Agent Edmonds at the trial now scheduled to commence on July 7, 2014.

6. It is almost inconceivable that, barring some information that must be favorable to the defense, the government would not call as their witness a federal agent who was investigating the defendant for his involvement in a narcotics conspiracy on AND who made such a confession.

7. The government has denied having any information that constitutes "Brady" material to turn over to the defense either in general or specific to Agent Edmonds.

8. The Government is obligated to "turn over material that is both favorable to the defendant and material to guilt or punishment." United States v. Bencs, 28 F.3d 555, 560 (6th Cir. 1994), *citing* Brady v. Maryland, 373 U.S. 83, 87 (1972). *See also* Giglio v. United States, 405 U.S. 150 (1972).

9. The Government has a duty to disclose "evidence that could be used to

---

[1] Defendant had been arrested for an unrelated shooting in an apartment of a friend wherein two guns were recovered along with a quantity of drugs. Mr. Sambula was thereafter prosecuted by the Bronx District Attorney, which case was then taken over by the SDNY, wherein an indictment followed along with a subsequent nolle prosequi.

impeach the credibility of a witness." <u>Schledwitz v. United States</u>, 169 F.3d 1003, 1011 (6th Cir. 1999) (*citing* <u>Giglio</u>, *supra*, at 154-55.) The prosecution has an affirmative duty to disclose evidence that is favorable to the defendant, in time for its effective use at trial and immediately upon its request. <u>United States v. Coppa (In re United States), 267 F.3d 132, 2001 U.S. App. LEXIS 21535 (2d Cir. N.Y. 2001)</u>, <u>United States v. Gil, 297 F.3d 93, 2002 U.S. App. LEXIS 14397 (2d Cir. N.Y. 2002)</u>

The disclosure obligation includes all information gathered in connection with the United States Attorneys office and others acting on its behalf. <u>Kyles v. Whitley</u>, 514 U.S. 419, 433 (1995); *see also* <u>United v.Avellino</u>, 136 F.3d 249 (2nd Cir. 1998).

    WHEREFORE, Jonathan Sambula requests this Honorable Court enter an order requiring the Government to provide any and all evidence favorable to the accused including exculpatory evidence, impeachment evidence and any and all evidence favorable to the defense.

Dated:    Westchester, New York
            June 18, 2014

                                        Respectfully submitted,

                                        Stewart L. Orden
                                        2 Westchester park Drive Suite 481
                                        White Plains, New York 10604
                                        (212) 393-9340
                                        SLO 3700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

            Plaintiff,                         Hon. Shira A. Scheindlin
                                                          Case No. 13 cr 242

Jonathan Sambula

            Defendant.

_____

## BRIEF IN SUPPORT OF MOTION FOR DISCLOSURE OF BRADY/GIGLIO MATERIAL

NOW COMES defendant Jonathan Sambula, by and through his attorney, Stewart L. Orden and moves this Honorable Court, pursuant to the Sixth Amendment of the United States Constitution, Brady v. Maryland, 373 U.S. 83 (1972), Giglio v. United States, 405 U.S. 150 (1972), and Kyles v. Whitley, 514 U.S. 419 (1995), to enter an order requiring the Government to provide any and all evidence favorable to the accused including exculpatory evidence, impeachment evidence and evidence consistent with the innocence of the defendant.

## I. APPLICABLE LAW

**Disclosure of Brady Material**

The Government is obligated to "turn over material that is both favorable to the defendant and material to guilt or punishment." United States v. Coppa (In re United States), 267 F.3d 132, 2001 U.S. App. LEXIS 21535 (2d Cir. N.Y. 2001), United States v. Gil, 297 F.3d 93, 2002 U.S. App. LEXIS 14397 (2d Cir. N.Y. 2002)United States v. Bencs, 28 F.3d 555, 560, (6th Cir. 1994), citing Brady v. Maryland, 373 U.S. 83, 87 (1972). *See also* Giglio v.

United States, 405 U.S. 150 (1972). Materiality is relates to the issue of guilt or innocence, not defendant's ability to prepare for trial. United States v. Agurs, 427 U.S.97, 112 n. 20 (1976). The Government has a duty to disclose "evidence that could be used to impeach the credibility of a witness." Schledwitz v. United States, 169 F.3d 10031011 (6th Cir. 1999) (*citing* Giglio, *supra*, at 154-55.) The prosecution has an affirmativeduty to learn of any favorable evidence "known to the others acting on the government's behalf in the case." Kyles v. Whitley, 514 U.S. 419, 437 (1995). What is more, the prosecution is presumed to "have knowledge of all information gathered in connection with his office's investigation of the case," including evidence that is known to "others acting on the government's behalf[.]" United States v. Avellino, 136 F.3d 249, 255 (2[nd]Cir. 1998), *quoting* Kyles, 514 U.S. at 437. In Kyles, the Supreme Court encouraged the prosecutor to divulge information to the defense, opining:

> [t]his means, naturally, that a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence … This is as it should be. Such disclosure will serve to justify trust in the prosecutor as "the representative . . . of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done." Kyles, 514 U.S. at 439; *citing* Berger v. United States, 295 U. S. 78, 88 (1935).

Furthermore, section 9-5.001 of the Department of Justice Criminal Resource manual (See attached Exhibit 1), elucidates the Department of Justice's polices "Regarding Disclosure of Exculpatory and Impeachment Information." Recognizing that the dictates of Brady and Giglio are obligations mandated by the Constitution, "Brady and Giglio evidence must be disclosed whether the defendant makes a request for exculpatory or impeachment evidence." *Citing* Kyles, 514 U.S. at 432-33 (1995). Regarding disclosure,

the manual states:

> Department Policy recognizes that a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not, on its own, result in an acquittal … As a result, this policy requires disclosure by prosecutors of information beyond that which is "material" to guilt as articulated in Kyles v. Whitley, 514 U.S. 419 (1995), and Strickler v. Greene, 527 U.S. 263, 280-81 (1999).

The manual outlined its policy of the timing of disclosure, stating that due process requires that disclosure be made "in sufficient time to permit the defendant to make effective use of that information at trial. See, e.g. Weatherford v. Bursey, 429 U.S. 545, 559 (1997); United States v. Farley, 2 F.3d 645, 654 (6th Cir. 1993)."

The DOJ distributed a memorandum to department prosecutors in 2010 that provided "guidance … regarding criminal discovery." David W. Ogden, Deputy Attorney General, Memorandum for Department Prosecutors, dated January 4, 2010 (See attached Exhibit 2). The memorandum further directs federal prosecutors to disclose Brady and Giglio materials, including reviewing the investigative agency files, the files of cooperating witnesses, evidence gathered during the investigation, and "substantive case related communications." The memorandum flatly states "'substantive' case-related communications may contain discoverable information." Substantive case related communications include such communications made (1)"among prosecutors and/or agents;" (2) "between prosecutors and/or agents and witnesses and/or victims;" and (3) "between victim/witness coordinators and witnesses and/or victims."

Rule 16 of the Federal Rules of Criminal Procedure codifies this line of precedent:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the

government's possession, custody, or control and:

>> (i) the item is material to preparing the defense;
>> (ii) the government intends to use the item in its case-in-chief at trial; or
>> (iii) the item was obtained from or belongs to the defendant.

In United States v. Bagley , like Giglio, involved the failure by the prosecution to present to the defense the existence of a promise to a key witness. In Bagley, the prosecutor failed to provide to the defense proof that a witness was provided payment by the ATF. 473 U.S. 667, 670 (1985). The defense filed a discovery motion seeking criminal records of the witnesses as well as "any deals, promises or inducements made to witnesses in exchange for their testimony." Id. at 669-670. The prosecution responded that no such deals were in existence. Post-conviction, the defendant sent a Freedom of Information Act request to determine if payment was made to the witness. In response, it was uncovered that an unsigned agreement was executed after trial whereby the witness was paid $300. Id. at 671. The Supreme Court found error by the prosecution in not presenting the agreement and held that there was error if the suppression of evidence "deprived the defendant of a fair trial." Id. at 678.

## III.  APPLICATION OF THE LAW TO THE INSTANT MATTER

Although the dictates of Brady set no specific parameters for the Government to turn over such material, it is generally accepted to be at some reasonable time before trial. Accordingly, there is a delicate balance between providing the material early enough for it to be properly digested or so late that it amounts in nothing more than gamesmanship. The Supreme Court anticipated this in dictum in Kyles v. Whitley when the Court discussed the prudent prosecutor disclosing favorable evidence. The spirit of counsel's request through this motion is to attempt to encourage the Government and this Honorable Court to

facilitate the former, rather than the latter. Plainly, permitting the Government to dump Brady material on the eve of trial would be unduly burdensome and would have a crippling effect on counsel's ability to effectively assist his client at trial.

WHEREFORE, Jonathan Sambula requests this Honorable Court enter an order requiring the Government to provide any and all evidence favorable to the accused including exculpatory evidence, impeachment evidence and any and all evidence favorable to the defense. Alternatively defendant moves for an Order that the government provide any and all documents, including but not limited to memos, emails, notes etc. regarding Agent Shawn Edmonds for the reasons outlined below for an in camera inspection.

Respectfully submitted,

Stewart L. Orden

# **CERTIFICATE OF SERVICE**

I am Stewart Orden, attorney of record for the named Defendant, Jonathan Sambula, herein, and I do affirm, under pain of penalty of the laws of the United States of America, that on the 18th day of June 2014, I did serve the annexed Notice of Motion, and Memorandum of Law, on Jessica Ortiz, Esq., and Jared Lenow, Esq. Assistant U.S. Attorneys for the Southern District of New York, at 1 St. Andrew's Plaza, New York, NY 10007, by e-mail and did duly file a copy with this Court under ECF.

Dated: June 18, 2014
      White Plains, NY                             _____
                                                           Stewart L. Orden