```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
============================ :
UNITED STATES OF AMERICA,    :
                             :
                             :
                             :      13 cr 242 (SAS)
     — versus —              :
                             :
                             :
                             :
Jonathan Sambula        :
          Defendant.         :
============================ :
```

DECLARATION IN SUPPORT OF
MOTION *IN LIMINE* TO PRECLUDE UNDER F.R.E. RULE 404(b)

The defendant Jonathan Sambula, by and through his attorney of record, Stewart Orden, Esq., does make this Affirmation in support of his motion to preclude to the Government, under Federal Rule of Evidence 404(b), for the admissibility of certain evidence at trial.

On June 13, 2014 The government provided notice that it intends to introduce at trial:

The defendant's possession of an assault rifle and a quantity of heroin on or about August 22, 2003.

The defendant's participation in a robbery in which a firearm was brandished on or about July 27, 2005, which resulted in a conviction on or about July 14, 2006 for Attempted Robbery in the Second Degree, a Class D Felony.

The defendant's possession of approximately 15 bags of crack cocaine on or about December 23, 2005, which resulted in a conviction on or about July 14, 2006 for Criminal Possession of a Controlled Substance in the Seventh Degree, a Class A Misdemeanor.

The defendant's possession of a firearm on or about December 23, 2005.

The defendant's possession of a controlled substance on or about March 9, 2010, which resulted in a conviction on or about October 7, 2011 for Criminal Possession of a Controlled Substance in the Seventh Degree, a Class A Misdemeanor.

The defendant's involvement in the sale of a controlled substance on or about March 9, 2012.

On June 17, 2014 the government belatedly advised that additionally it intended to introduce:
" . . .evidence at trial concerning the defendant's sale of marijuana and prior terms of incarceration as background information and to corroborate the government's witnesses, among other purposes"

In response the defendant makes the following submission:

*Factual Background*

Indictment 13 cr 242, charged Defendant Sambula with two counts: conspiracy to commit violate the narcotics laws (21 U.S.C. § 841 (a) (1)) involving heroin and cocaine base, and possession of firearms during and in relation to the narcotics conspiracy (18 U.S.C. § 924 9c) (10 (iii) and 2)).  The indictment covers a period commencing in "in or about 2008 up to an including April 2, 2013".  Despite its overwhelming ability to conduct investigations the government has no direct evidence other than cooperating witnesses supporting the charges against my client. Numerous undercover buys were made in their investigation, which by their own admission during a reverse proffer session  did not involve my client, unless they have changed their view. Video surveillance was used of narcotics transactions, none of which involve my client. There are no calls, no records or documents, no recordings, no photographs of Jonathan Sambula involved in any act of which he is charged. Claims by the government that witnesses will testify

2

about a secret compartment in his car are uncorroborated by any photographs or even an attempt to get a search warrant for such vehicle. Moreover Agent Shawn Edmonds of the ATF, previously a witness for the government at a suppression haring of physical evidence has executed sworn statements on at least two occasions the procured a confession from the defendant on December 23, 2012 that he is indeed a drug dealer.  Notwithstanding evidence that most commentators would argue that if true, is the most powerful evidence of guilt available, the government had advised that they do not intend to call Agent Edmonds a trial.  I am now advised as of today that they are considering calling him.

### The Proffered Evidence

In its letters, the Government sets forth specific proffered evidence that it asserts it will seek to introduce.

It is the Defendant's position that the Government should be precluded from offering, all of the intended acts.

### Discussion

The Federal Rules of Evidence seeks to walk a fine line on the admissibility issue of relevant but unduly prejudicial evidence.  The relevant Rules provide as follows, *viz.*,

**Rule 403:**

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair pre-juice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless pre-sensation of cumulative evidence.
>
> **Rule 404(b):**
> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

When an objection is raised on the basis of either Rules 403 or 404(b), the appellate court will grant the lower court wide deference in making its determination.  The recognition is that the lower court has the advantage of sitting at trial, with all of its evaluative powers, to make this determination.  As stated by the Court of Appeals more than thirty years ago,

> Broad discretion must be accorded to the trial judge in such matters for the reason he is in a superior position to evaluate the impact of the evidence, since he sees the witnesses, defendant, jurors, and counsel, and their mannerisms and reactions. . . . He is therefore able, on the basis of personal observation, to evaluate the witnesses, whereas we must deal with the cold record.

*United States v. Robinson*, 560 F.2d 507, 514 (2d Cir. 1977), *cert. denied* 435 U.S. 905 (1978).

In accord see *United States v. Arena*, 180 F.3d 380, 383 (2d Cir. 1999); *United States v. Moon*, 718 F.2d 1210, 1233 (2d Cir. 1983), *cert. denied* 466 U.S. 971 (1984).

Only where the district court has abused its discretion, and ignored the substantial prejudicial impact of the evidence in question, will the court's evidentiary ruling be overturned on appeal.  *United States v. Anglin*, 169 F.3d 154,

162 (2d Cir. 1999); *United States v. Salameh*, 152 F.3d 88, 110 (2d Cir. 1998), *cert. denied sub nom. Abouhalima v. United States*, 525 U.S. 1112 (1999); *United States v. Diaz*, 878 F.2d 608, 615 (2d Cir.), *cert. denied* 493 U.S. 993 (1989).  See also *United States v. Messino*, 181 F.3d 826, 829-30 (7th Cir. 1999); *United States v. Nutall*, 180 F.3d 182, 189 (5th Cir. 1999).

What this means to the district court making a ruling under Rule 404(b) is that it imposes upon the district court of the duty to make a " 'conscientious assessment' of whether [the subject evidence's] unfair prejudice substantially outweighs [its] probative value."  *United States v. Salameh*, *supra*, 152 F.3d at 110, citing to *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982).  This assessment is accomplished by performing a balancing test between the competing interests: substantial prejudice *versus* probativeness.  *United States v. Perez*, 325 F.3d 115, 129 (2d Cir. 2003); *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997); *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995); *United States v. Sanzo*, 673 F.2d 64, 70 (2d Cir. 1982).

In making this balancing test the district court judge should be guided by the proposition that "undue prejudice"

> means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

*Advisory Comm. Note* to R. 403.

More specifically, as the Supreme Court put it,

> [Unfair prejudice] speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.

*Old Chief v. United States*, 519 U.S. 172, 174 (1996).

The danger lies in the subject evidence leading to a guilty verdict premised upon a "preventive conviction" out of fear that the accused will commit similar or related acts in the future, if he is not convicted of the acts for which he is currently on trial. *Old Chief, supra*, 519 U.S. at 180-81. See also *United States v. Grimmond*, 137 F.3d 823, 832 (4th Cir.), *cert. denied* 525 U.S. 850 (1998) (recognition that *Old Chief* stands for the proposition that prejudicial evidence will risk a conviction, not for the crimes charged, but for the "propensity" to commit such crimes). See also *United States v. Nachamie*, 101 F. Supp.2d 134, 141 (S.D.N.Y. 2000).

In *Old Chief* the Court recognized that to exclude relevant evidence completely is not always the best course of action to take. The Court, relying upon language in the Advisory Committee Notes to Rule 403, endorsed the "availability of other means of proof [as] an appropriate factor." 519 U.S. at 184. In accord see *United States v. Jasper*, 2003 WL 328305 at *2 (S.D.N.Y. 2003) (Liesure, U.S.D.J.). In addition, the trial court can, and should, utilize limiting instructions

6

to minimize the undue prejudice variable. *United States v. Mauro*, 80 F.3d 73, 76 (2d Cir. 1996).[1]

The Government's position, within in the context of Rule 404 and as direct evidence of the crimes charged, seeks to relate the Defendants' uncharged criminal activity with additional acts constituting narcotics dealing and firearms possession .

The defendant does not dispute that acts subsequent to those charged may be admissible, under appropriate circumstances. *United States v. Arroyo-Angulo*, 580 F.2d 1137, 1147-48 (2d Cir.), *cert. denied* 439 U.S. 1005 (1978); *United States v. Levy*, 2006 WL 721515 at *9 (E.D.N.Y. 2006) (Bianco, USDJ). And, that the admissibility of such evidence is left to the informed discretion of the trial court. *United States v. Williams*, 577 F.2d 188, 191 (2d Cir.), *cert. denied* 439 U.S. 868 (1978); *United States v. Cavallaro*, 553 F.2d 300, 305 (2d Cir. 1977)

---

[1] *Cf.*, *United States v. Jones*, 16 F.3d 487 (2d Cir. 1994), where the Court made the following logical observation:
> Of course, jurors are presumed to follow instructions from the court. . . . But it would be quixotic to expect the jurors to perform such mental acrobatics called for by the district judge. . . . "To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities."
> The presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense.

*Id*. at 493. Citations omitted.

Addressing the proffered evidence seriatim:

1. The defendant's possession of an assault rifle and a quantity of heroin on or about August 22, 2003.

This case evolves from an arrest of my client more than ten years ago while he was still a teenager. While I cannot speak to the facts directly from the file itself, as it is under seal and due to be reviewed by this Court in camera, it is clear from the available record of Mr. Sambula's criminal history provided by the government, that at the very most this arrest stems from minor misdemeanor activity. Even the nature of the claim that my client possessed an "assault rifle", an extremely prejudicial and inflammatory charge is modified by the fact that the arrest charge was for a misdemeanor possession of a weapon under NY Penal Code 265.01. The case resolved as a Youthful Offender Adjudication. I cannot think more inflammatory evidence given the nature of the current charges than testimony that Mr. Sambula possessed an assault rifle. In contrast what possible probative value is this evidence including his misdemeanor possession of drugs.

2. The defendant's participation in a robbery in which a firearm was brandished on or about July 27, 2005, which resulted in a conviction on or about July 14, 2006 for Attempted Robbery in the Second Degree, a Class D Felony.

The facts of this case gleaned from a review of the Bronx Court case file are that although Mr. Sambula was convicted of a felony attempted robbery, it emanates from an arrest after what was essentially a chain snatch gone bad. Mr. Sambula along with his co-defendant were arrested and both charged with

8

robbery in the first degree, after a chain was snatched from the victim's neck. It was not alleged by any witness, victim or even the prosecutor that Mr. Sambula ever had a gun, nor knew of the gun's possession prior to the co-defendant's use of it. Nor did Mr. Sambula take the chain from the victim, a neck chain. His co-defendant had the gun and took the chain. As a result Mr. Sambula was permitted to plead to a far lessor count of attempted robbery in the third degree. In the instant case Mr. Sambula is not charged with committing any violent acts and although he is charged with possession of a firearm pursuant to 18 USC 924(c), this conviction wherein Mr. Sambula neither possessed nor even knew that his co-defendant possessed a firearm, is not probative of either the narcotics conspiracy nor the firearms charge. It is simply put, a red herring, to again prejudice the jury.

3. The defendant's possession of approximately 15 bags of crack cocaine on or about December 23, 2005, which resulted in a conviction on or about July 14, 2006 for Criminal Possession of a Controlled Substance in the Seventh Degree, a Class A Misdemeanor.

Three years prior to the inception of this conspiracy and a full seven years before law enforcement began its operations by engaging in undercover buys, Mr. Sambula was arrested for possession of marihuana and crack cocaine, which resulted in a misdemeanor conviction. While we concede that there is probative value to this conduct, the overwhelming unfair prejudice, in light of what lack of other evidence the government has at its disposal is we submit undeniable:

9

> [Unfair prejudice] speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. *Old Chief v. United States*, 519 U.S. 172, 174 (1996).

4. The defendant's possession of a firearm on or about December 23, 2005.

This is coincidentally the same date as (3) for which there was no arrest and I have no knowledge of whatsoever. Nor have I been provided any details of what the government intends to proffer other than the simple statement above. During the course of several e mail exchanges inquiring that this offered evidence was accurately referred to I was repeatedly told that it was. Without more information at this time I note that this is 3 years prior to the conduct charged and apparently unrelated, if true, to any narcotics offense.

5. The defendant's possession of a controlled substance on or about March 9, 2010, which resulted in a conviction on or about October 7, 2011 for Criminal Possession of a Controlled Substance in the Seventh Degree, a Class A Misdemeanor.

6. The defendant's involvement in the sale of a controlled substance on or about March 9, 2012.

The testimony offered by the proffered evidence by (5) and (6) is clearly the type of prejudicial testimony that the courts speak of as outweighing any probative value contained therein. Such testimony is of such an inflammatory nature that its admission before the jury would have such a prejudicial impact as to deny the Defendant a fair trial. In *Old Chief, supra*, Justice Souter, discussed this very issue

10

of the danger that evidence of a person's bad nature or character would unfairly prejudice the jury against him. In analyzing what constitutes "unfair prejudice" (albeit in a Rule 403 context), he wrote:

> Such improper grounds certainly include the one that Old Chief points to here: generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily). As then-Judge Breyer put it, "Although ... 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged-or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment-creates a prejudicial effect that outweighs ordinary relevance." *United States v. Moccia,* 681 F.2d 61, 63 (C.A.1 1982)519 U.S. at 180-81.

7. " . . .evidence at trial concerning the defendant's sale of marijuana and prior terms of incarceration as background information and to corroborate the government's witnesses, among other purposes"

Finally, "as more and more uncharged acts are admitted under Rule **404(b)**, each one adds incrementally less probative value, while the **cumulative** effect increases the risk that the jury will impermissibly view the acts as evidence of criminal propensity. *See* United States v. Wallach, 935 F.2d 445, 472 (2d Cir. 1991) ("[A] district court must be careful to consider the **cumulative** impact of **[404(b)]** evidence on the jury.")", *United States v. Mergen,* 2010 U.S. Dist. LEXIS 35452, (EDNY 2010).

Hence, Defendant would respectfully move for the exclusion of the proffered evidence by the Government.

11

Respectfully submitted,

_____
Stewart L. Orden
Attorney for Defendant Jonathan Sambula

Service via e-mail and via Clerk's Notice of Electronic Filing upon the following attorneys, who are Filing Users in this case:

Jared Lenow, Jessica Ortiz
Assistant United States Attorneys
1 St. Andrews Plaza
New York, NY 10007